THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELVIN RIVERA-ERAZO,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Civil No. 18-1022 (ADC)
[Related to Crim. No. 12-00594-1 (ADC)]

## OPINION AND ORDER

Pending before the Court is Elvin Rivera-Erazo's *pro se* motion under §2255 ("petition") at **ECF No. 1** and, and Respondent's motion to dismiss at **ECF No. 3**. For the following reasons, petitioner's motion is **DENIED WITH PREJUDICE** as untimely under 28 U.S.C §2255.

### I.   Procedural Background

On September 25, 2012, petitioner was charged under a multi-count superseding indictment. **Crim. No. 12-594, ECF No. 31.** On March 4, 2014, Rivera pled guilty to conspiracy to possess with intent to distribute at least 50, but less than 150 kilograms of cocaine. **Crim. No. 12-594, ECF No. 222** at 4. The calculation under the United States Sentencing Guidelines established a base offense level of 36. *Id*. Petitioner received a two-level enhancement for the use of a dangerous weapon, and a three-level reduction for acceptance of responsibility, for a total adjusted offense level offense of 35. *Id*. Considering a criminal history category (CHC) of I, petitioner's guideline sentencing range was from 168 to 210 months of imprisonment. The parties agreed to recommend a sentence within the applicable guideline sentencing range for an offense level of 35. *Id*. Pursuant to the Plea Agreement, if the Court sentenced him in accordance with the

recommendation therewith, petitioner would waive and surrender his right to appeal. Id at 7. On October 27, 2014, petitioner was sentenced to 210 months of imprisonment, a sentence at the upper end of the applicable guideline range. **Crim. No. 12-594, ECF No. 484**.

Petitioner did not appeal. However, on December 23, 2014, petitioner, through counsel, moved to reduce his sentence pursuant to United States Sentencing Commission Amendment 782 to Policy Statement §1B1.10(d) ("Amendment 782"). **Crim. No. 12-594, ECF No. 485**. Petitioner renewed his request at **ECF No. 532**. Thereafter, in 2016, petitioner also filed two *pro se* motions to reduce his fine and for a sentence reduction, respectively. **Crim. No. 12-594, ECF No. 505, 506**.

Petitioner's sentence was reviewed and on August 10, 2016, the Court entered an Order reducing petitioner's term of imprisonment to 168 months.[1]

On December 27, 2017, petitioner filed the instant *pro se* petition to vacate his sentence under 28 U.S.C. §2255 claiming ineffective assistance of counsel based on counsel's failure to file a notice of appeal after being so requested in October, 2014. **ECF No. 3** at 4, 10.[2] Petitioner further claims that he "did not find out about his attorney['s] failure to appeal until June 9, 2017." *Id*. The petition was docketed on January 17, 2018. **ECF No. 1**. Respondent filed a motion to dismiss. **ECF No. 3**. The Government argued that the petition at **ECF No. 1** is time barred and should thus be dismissed. *Id*.

---

[1] The Order was amended on even date "solely to reflect the correct name of defense counsel." **Crim. No. 12-594 ECF Nos. 511, 512**.

[2] Pursuant to the filings in this case, petitioner signed his petition on December 14, 2017. *See* **ECF No. 3** at 12.

**II.    Analysis**

Title 28 of the United States Code §2255(f) establishes a one-year period of limitations for motions under §2255.  In general, this period may run from one of four instances,

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

In the "postconviction relief[] context," "finality has a long-recognized, clear meaning: finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. U.S.*, 537 U.S. 522, 527 (2003)(internal citations omitted).

Here, petitioner was sentenced on October 27, 2014. **Crim. No. 12-594, ECF No. 484**. Petitioner did not appeal. The petition was signed and placed in the "prison mailing system" by petitioner on December 14, 2017. Under 28 U.S.C. §2255(f)(1), the petition is time barred due to the fact that more than two years elapsed from the moment petitioner's sentence became final to the date in which he filed the petition at bar.

However, petitioner claims that his petition was filed within one year from the moment he learned that no appeal had been filed. Petitioner asserts that on October 27, 2014 he requested his attorney to file a notice of appeal. Yet, he now claims, that he first learned of counsel's failure

to file the requested notice of appeal on June 9, 2017 when he obtained copy of his "case docket sheet." **ECF No. 1** at 4, 11. Thus, petitioner seemingly asks the Court to find his petition timely not under §2255(f)(1), but rather under §2255(f)(4). In other words, petitioner filed his petition under the impression that the one-year statute of limitation should be calculated from June 9, 2017, as "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id*. The Court disagrees with petitioner's argument and hereby dismisses the petition as untimely.

"To satisfy subsection [§2255](f)(4)'s requirement that he could not have discovered the facts through reasonable diligence until less than a year before the petition was filed a petitioner must show that he acted with due diligence to set a prior conviction aside once he was in a position to realize that he has an interest in challenging the prior conviction." *Rossetti v. U.S.*, 773 F.3d 322, 332 (1st Cir. 2014)(quoting *Johnson vs. United States*, 544 U.S. 295, 308–09 (2005)(internal quotation marks omitted)). Petitioner "must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." *Anjulo-López v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)(internal quotation marks omitted), see also *Josué Pérez-Mercado v. United States*, Civil No. 19-1185 (ADC) 2021 WL 666863, at *3 (D.P.R. Feb. 19, 2021).

Petitioner's only assertion in support of the timeliness of his petition is that he learned about the absence of the notice of appeal when he "acquired" copy of the case docket sheet. Id at 10. However, petitioner fails to explain how and when he moved, if at all, to obtained copy of the

docket sheet.[3] He also fails to explain why he did not seek to obtain copy of the docket sheet before June 9, 2017. According to his own assertions, petitioner waited almost three years before making an effort to obtain information with regard to his request for an appeal. After carefully reviewing the record and the filings in petitioner's case, the Court finds that the petition is devoid of a single factual assertion evincing or even suggesting that petitioner acted with "reasonable diligence" or "due diligence" as required under *Rossetti v. U.S.*, 773 F.3d at 332. *See Agosto v. United States*, Crim. No. 04- 10336 (NMG), 2012 WL 3518130, at *5- 6 (D. Mass. Aug. 15, 2012)("It was not reasonable for petitioner to assume that nothing was awry when his attorney… failed to respond. Nor was it reasonable for [petitioner] to assume that counsel was, in fact, pursuing an appeal several months beyond the date on which the notice should have been filed, when his counsel failed to contact him with details about the appeal… [petitioner] should have known that something was amiss during the one-year limitations period, and the actions he recounts, even if true, do not bespeak reasonable diligence.")

Moreover, petitioner's argument claiming that it was on June 9, 2017 when he first became aware of the fact that the appeal was not filed is startling. According to the docket, in 2016, petitioner filed not one, but two *pro se* motions before this Court. **Crim. No. 12-594, ECF Nos. 505, 506.** In both motions' petitioner included a succinct summary of the case's "factual background." *Id*. However, within these filings petitioner did not even mention an appeal. Neither did petitioner ask for a copy of the docket sheet or any other information in connection with the status

---

[3] According to the docket, petitioner did not request copy of the docket sheet from the Court.

of his case or his alleged request for a notice of appeal. Finally, petitioner did not show any signs of being unaware of the status of his case. To the contrary, his ability to file two *pro se* motions spoke loudly as to his resourcefulness and ability to work his way into the proceedings.

Furthermore, petitioner's argument is not novel either. In addressing a similar situation, the Supreme Court reasoned that

> [petitioner] has offered no explanation for this delay, beyond observing that he was acting *pro se* and lacked the sophistication to understand the procedures. But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness, and on this record we think Johnson fell far short of reasonable diligence in challenging the state conviction. *Johnson v. U.S.*, 544 U.S. at 311.

Petitioner cannot simply ask the Court to calculate the one-year statute of limitation from whenever he claims he obtained copy of the docket sheet without even making an effort to explain why he waited nearly three years to obtain such information or to inquire about the notice of appeal he allegedly requested from his attorney on October 27, 2014.

Beyond the fact that the petition is devoid of any factual assertion to move the Court under 2255(f)(4), the record further demonstrates that petitioner was not diligent. According to petitioner's assertions at **ECF No. 1**, he did not make any attempts or inquiry into the status of his appeal in almost three years. Yet, he did move the Court to "reduce [his] sentence" on February 23, 2016 via the *pro se* filings. If petitioner displayed diligence in seeking a "reduced sentence," then he cannot ascertan that he was diligent in waiting from October 23, 2014 to June 9, 2017 to obtain information regarding his request for an appeal.

Although petitioner does not specifically calls for an equitable exception, petitioner is not entitled to equitable tolling. The doctrine of equitable tolling provides that, in exceptional circumstances, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *Ramos-Martínez v. United States*, 638 F.3d 315, 321 (1st Cir. 2011). The limitations period may be equitably tolled if the petitioner shows that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (*citing Holland*, 560 U.S. at 649). Equitable tolling is available only in cases in which "circumstances beyond the litigant's control have prevented him from promptly filing." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) (citations omitted). A court's power to invoke equitable tolling, however, must be exercised case by case. *Ramos-Martínez*, 638 F.3d at 322. Clearly, for the reasons discussed above, petitioner has not shown that he is entitled to equitable tolling or any other ground to entertain an otherwise untimely petition. *See Torres-Santiago v. United States*, 865 F. Supp.2d 168, 176 (D.P.R. 2012).

Finally, the Government argues in its motion to dismiss at **ECF No. 3** that "[e]ven assuming [petitioner] told his counsel to appeal his sentence back in 2014 and that his counsel failed to do so and was therefore ineffective, the limitation period set out in Section 2255(f) still applies." Id at 4. The Court agrees.

Courts in other Circuits have found that "the limitation period set out in Section 2255(f) still applies even if counsel was ineffective for failing to file an appeal… Here, [petitioner] cannot show that he pursued his rights with reasonable diligence." *Carvlin v. U.S.*, 3:09-CR-00036, 2018 WL 5078351, at *2 (M.D. Pa. Oct. 18, 2018); see also Id *quoting United States v. Claudio*, No. 3:11CR337, 2015 WL 390902, at *3-4 (M.D. Pa. Jan. 28, 2015) ("[e]ven if [petitioner]'s attorney stated he would file an appeal on [petitioner]'s behalf, [petitioner] could have learned, well before" his conviction became final, "that no appeal had been filed."). Similarly, the Eleventh Circuit has reasoned that "[a]lthough [petitioner] contends that his counsel failed to file a notice of appeal upon request after sentencing, he has not explained… when he learned of counsel's failure or why he waited so long to file his §2255 motion[]" neither did petitioner "demonstrate how he exercised due diligence in pursuing his rights.... Accordingly, he has not satisfied his burden of showing that equitable tolling applies on this basis."[4] *Doe v. U.S.*, 469 Fed. Appx. 798, 800 (11th Cir. 2012)(unpublished).

Here, even construing the petition at **ECF No. 1** liberally in favor of *pro se* petitioner, there is no ground whatsoever to entertain a time barred petition under §2255. Petitioner has not shown that he is entitled to equitable tolling or any other ground to entertain an otherwise untimely petition.

---

[4] The record reflects that under the plea agreement petitioner had agreed to waive his right to appeal if sentenced within the applicable guideline range. The waiver stipulation was triggered and enforceable in view of the sentence imposed. **ECF No. 222**. Thus, petitioner has failed to indicate the fundamental defect(s) upon which he intended to pursue an appeal.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing §2255 Proceedings, Rule 11, 28 U.S.C. §2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applying that standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied as untimely. Accordingly, the COA is **DENIED**.

### IV. Conclusion

Accordingly, the motion to dismiss at **ECF No. 3** is **GRANTED**. The §2255 petition at **ECF No. 1** is time barred and thus **DISMISSED WITH PREJUDICE** as untimely. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2021.

S/AIDA M. DELGADO-COLÓN
**United States District Judge**
